# BALTIMORE CITY COURT

Filed March 30, 1898.

WEBSTER, FORD & COMPANY
VS.
WINFIELD T. McCLINTOCK, ADMINISTRATOR, ETC.

*Thomas S. Baer* and *Wm. P. Lyons* for plaintiffs.

*Michael A. Mullin* and *Brown & Brune* for defendants.

PHELPS, J.—

All the prayers on both sides are rejected, and, in lieu thereof, the Court is advised as follows:

Prior to the transactions in this suit, there were casual and infrequent dealings between the parties, or some of them, which, if not strictly cash sales, were so near thereto as to reduce the credit element to a minimum.

In view of the unimportant character of these previous dealings as regards the element of credit, the apparently slight but really significant change in the firm name signed to the checks in evidence, was a circumstance in itself sufficient to put the plaintiffs upon inquiry. They are accordingly chargeable in law with notice of the fact that such inquiry would have developed, namely, that the change in the partnership thus indicated by dropping out from the style of the 'Bro.," or brother, was the withdrawal of the same brother, the defendant, A. H. Sieward, from the firm.

If plaintiffs or their proper agent failed of taking the ordinary care to look at the checks, which in the course of business passed through their hands, they cannot be allowed to profit by their own neglect at the expense of a party not otherwise liable. To hold the contrary would introduce a dangerous element into business transactions, by relaxing the exercise of ordinary diligence, and by encouraging resort to a subjective kind of testimony too intangible for contradiction. For this reason the Court is of the opinion that this attachment cannot be maintained.

It results from the foregoing that the plaintiff's application for leave to amend the account, the cause of action, being objected to for want of merit, must be overruled, and all the special interrogatories propounded on the part of the plaintiffs are disallowed as immaterial. The notice of dissolution by advertisement three times in a daily paper of this city in which such notices are commonly published, is excepted to by the plaintiffs because not brought home to them. In fact the express testimony is that they did not read the paper, did not see the notice and did not hear of the fact. There is nothing to contradict this, and from the internal and subjective character of the testimony, it could not well be contradicted. The exception must therefore be sustained in so far as the publication is offered as proof of actual notice to these parties. The publication is only admissible as a circumstance tending to show good faith and the absence of an intent to conceal. Before concluding, the Court has to acknowledge its obligations to the able efforts of the learned counsel on both sides, and its satisfaction, after hearing the masterly closing argument, that

nothing further could possibly be presented, or presented with more vigor, to maintain the contention of the plaintiffs.